IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY DEAN WHITTAKER                                                                      PLAINTIFF

vs.                                        Civil No. 2:19-cv-02117

COMMISSIONER, SOCIAL                                                              DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Ricky Dean Whittaker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of

the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed his disability application on May 31, 2017.  (Tr. 155).  In this

application, Plaintiff alleges being disabled due to ulcerative colitis, osteoarthritis, diverticulitis,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 8.  These
references are to the page number of the transcript itself not the ECF page number.

Crohn's Disease, anal fissure, pain and numbness in his left hand, insomnia, anxiety, and depression. (Tr. 341). Plaintiff alleges an onset date of March 8, 2017. (Tr. 155). This application was denied initially and again upon reconsideration. (Tr. 224-253).

On December 20, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 152-178). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 157, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 8, 2017, his alleged onset date. (Tr. 157, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative joint disease; disorders of the gastrointestinal system; and obesity. (Tr. 157-159, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 159, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 159-170, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) (including limitations of life/carry 20 pounds occasionally and 10 pounds frequently, stand/walk six out of eight hours, sit six out of eight hours, and push/pull pursuant to the lift/carry limitations) except that the claimant is limited to jobs that can be performed while using a hand-held ambulation device for prolonged ambulation.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 170, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this PRW. *Id.* The ALJ then

determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 171, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a toll collector (light/unskilled) with approximately 31,997 such jobs in the national economy; ticket taker (light/unskilled) with approximately 21,244 such jobs in the national economy; and ticket seller and cashier with approximately 8,804 such jobs in the national economy.  (Tr. 171).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 8, 2017 through the date of his decision or through December 26, 2018.  (Tr. 171, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On July 26, 2019, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-7).  On September 23, 2019, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 23, 2019.  ECF No. 6.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision,the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ improperly

discounted his credibility; and (B) the ALJ erred in assessing his RFC.  ECF No. 10 at 1-11.  The

Court will address both of these issues.

**A.  Credibility Determination**

Plaintiff claims the ALJ erred in assessing his subjective complaints.  ECF No. 10 at 1-11.

Plaintiff claims his "statements regarding his symptoms should have been credited because they

are consistent with the objective medical evidence, consistent with the other evidence of record,

and consistent with his own statements."  ECF No. 10 at 2.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the

five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two
additional factors: (1) "treatment, other than medication, you receive or have received for relief of your
pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms
(e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."
However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these
additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the
analysis of these additional factors in this case.

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did comply with the requirements of *Polaski*.  In the present action, the ALJ considered Plaintiff's daily activities, including the following: ability to cook light

6

meals and do laundry, ability to drive unfamiliar routes, shop independently, and "probably handle

personal finances adequately with practice (although he had never handled household finances)."

(Tr. 168).  Plaintiff reported an ability to attend to personal care tasks without problem, including

dressing, bathing, feeding himself, and toileting.  *Id.*  Plaintiff's symptoms improved with

medication. (Tr. 167).  Plaintiff was prescribed "conservative care for pain, including prescription

medications, heat/ice application, topical agents, stretches, and range of motion exercises."  (Tr.

167).  These are all "good reasons" for discounting Plaintiff's subjective complaints, and the ALJ's

credibility determination should be affirmed even if the ALJ did not discuss every *Polaski* factor

in depth.[2]  *See Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir. 2004).

## B.  RFC Determination

Plaintiff claims the ALJ erred in his RFC determination.  ECF No. 10 at 3-11.  Specifically,

Plaintiff claims he "has chronic, longstanding left sided ulcerative colitis, and Crohn's Disease."

*Id.* at 3.  Plaintiff claims the ALJ did not consider his limitations associated with these impairments.

*Id.*

Upon review of this claim, the Court finds no basis for reversal on this issue.  In his

decision, the ALJ thoroughly considered Plaintiff's RFC and his medical records.  (Tr. 159-170).

As for his ulcerative colitis and Crohn's Disease, Plaintiff's treatment records demonstrate that his

condition improved over the course of treatment.  (Tr. 118, 644, 654, 744, 834-835, 840-841).  As

for his back pain, his doctor recommended conservative treatment, consisting of medications,

---

[2] Such factors would include, for example, the side effects to Plaintiff's medication and his work history.
Plaintiff claims the ALJ did not fully consider those factors (ECF No. 10 at 9), but he was not required to
do so.

exercise, stretching, and ice and heat applications.  (Tr. 581, 585, 589, 672, 679, 718, 748, 751, 758).  Accordingly, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of October 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE